IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Joseph Shiple, | Case No. 3:10 CV 433 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Kevin Beck, et al., | |
| Defendants. | |

## INTRODUCTION

*Pro se* Plaintiff Joseph Shiple filed this action under 42 U.S.C. § 1983 against Williams County Sheriff Kevin Beck, Northwest Ohio Correctional Center ("NWOCC") Warden Jim Dennis, and NWOCC Employees Linda Shambarger and Toby Bostater. Plaintiff alleges he has been denied reading glasses in violation of the First Amendment of the United States Constitution. He seeks monetary damages.

## BACKGROUND

Plaintiff's commissary privileges were restricted. This restriction stemmed from a conduct violation for disobeying an order to stand for a prisoner count. After the violation, he was moved to the segregation unit of the jail. He then attempted to purchase reading glasses through the commissary, but was told the sale could not be completed at that time, as reading glasses were not on the limited list of items permitted for purchase by prisoners with commissary restrictions.

Plaintiff further claims he was unable to read the Bible, or write letters to his family or his attorney, without reading glasses. He asserts violations of his First and Fourteenth Amendment rights to practice his religion, send mail, and access the courts.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e)(2) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

**Freedom of Religion**

While inmates retain First Amendment protection to freely exercise their religion, the prison or jail may impose reasonable restrictions related to legitimate penological interests. *O'Lone v. Shabazz*, 482 U.S. 342, 348-53 (1987). To establish a Free Exercise claim, Plaintiff must show the jail officials placed "a substantial burden on the observation of a central religious belief or practice." *Hernandez v. C.I.R.*, 490 U.S. 680, 699 (1989). A "substantial burden" requires something more than an incidental effect on the practice of Plaintiff's religion. *See Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 450 (1988). Rather, a substantial burden places significant pressure on an individual to modify his behavior in a way that is contrary to his religious beliefs. *Hobbie v. Unemployment Appeals Comm'n of Fla.*, 480 U.S. 136, 141 (1987).

Plaintiff fails to allege facts demonstrating the temporary commissary restriction placed a substantial burden on his ability to practice his Christian faith. He does not claim studying by means of books or other written material is integral to his faith. He does not suggest other methods of studying scripture were unavailable to him for that time period. Moreover, Plaintiff does not explain

2

why he suddenly required glasses after the commissary restriction was imposed. He would presumably have had the same difficulty reading his Bible prior to receiving the conduct violation. In sum, the commissary restriction, at most, had only an incidental effect on the exercise of Plaintiff's religion.

### Right to Send Mail

Prisoners have a First Amendment right to send mail. *Martin v. Williams*, 960 F.2d 149 (6th Cir. 1992) (table) (citing *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989)). A restriction upon this right must be "reasonably related to a legitimate governmental goal." *Bell v. Wolfish*, 441 U.S. 520, 539 (1979). Plaintiff does not allege a direct restriction upon his right to send mail. Rather, he alleges he was not permitted to purchase reading glasses. This allegation, alone, does not translate into a denial of mail privileges. While it may be easier for Plaintiff to write in a small script with the aid of reading glasses, being forced to write in larger print is not a First Amendment violation. Principles requiring generous construction of *pro se* pleadings are not without limits. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Plaintiff fails to set forth a claim under the First Amendment for denial of mail privileges.

### Access to Courts

Plaintiff claims the lack of reading glasses also interfered with his ability to communicate with his attorney. The Court liberally construes this claim as one for denial of Plaintiff's right to access the courts under the First and Fourteenth Amendments. To state a claim for denial of access to the courts, Plaintiff must demonstrate he suffered actual injury as a result of his sanction. *Lewis v. Casey*, 518 U.S. 343, 351 (1996). The injury requirement is not satisfied by just any type of frustrated legal claim. *Id*. A prison official may be held liable for the deprivation of this First Amendment right only to the extent his or her actions prevented a prisoner from pursuing or caused the rejection of a specific

3

non-frivolous criminal defense, direct appeal, habeas corpus application, or civil rights action. *Id.*; *Hadix v. Johnson*, 182 F.3d 400, 405 (6th Cir. 1999). Impairment of any other litigation activity is not a violation of the right to access the courts. *Id.* at 355. Plaintiff does not allege he was prevented from filing such an action, and he therefore fails to state a claim for denial of access to the courts.

## CONCLUSION

Plaintiff's Motion to Proceed *In Forma Pauperis* (Doc. No. 2) is granted. For the reasons stated above, this action is dismissed under 28 U.S.C. §1915(e). Plaintiff's Motion for Appointment of Counsel (Doc. No. 3) is denied as moot. This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

      s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

August 2, 2010